# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
RENEWABLE FUELS ASSOCIATION             )
425 3rd St., SW                                  )
Washington, DC 20024, and                )
                                                    )
GROWTH ENERGY                               )
701 8th St., NW                                  )
Washington, DC 20001,                       )
                                                    )        Civil Action No. 18-2031
            *Plaintiffs,*                          )
                                                    )        **COMPLAINT FOR**
        v.                                           )        **DECLARATORY AND**
                                                    )        **INJUNCTIVE RELIEF**
UNITED STATES                                )
ENVIRONMENTAL PROTECTION AGENCY,        )
1200 Pennsylvania Ave., NW            )
Washington, DC 20460, and                )
                                                    )
UNITED STATES                                )
DEPARTMENT OF ENERGY,                  )
1000 Independence Ave., SW            )
Washington, DC 20585,                       )
                                                    )
            *Defendants.*                         )
_____)

## INTRODUCTION

Plaintiffs Renewable Fuels Association ("RFA") and Growth Energy seek

declaratory and injunctive relief to remedy violations of the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552, by Defendant United States Environmental Protection Agency

("EPA" or "Agency") for constructively denying Plaintiffs' FOIA requests and for

improperly withholding non-exempt records requested by Plaintiffs.  RFA also seeks

declaratory and injunctive relief to remedy violations of the FOIA, 5 U.S.C. § 552, by

Defendant United States Department of Energy ("DOE") for constructively denying

RFA's FOIA request and for improperly withholding non-exempt records requested by RFA.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

3. Pursuant to 5 U.S.C. § 552(a)(4)(B), this Court may award Plaintiffs declaratory judgment, provide injunctive relief, and grant other equitable relief as the Court may deem just and proper.

4. This Court may award attorney fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## PARTIES

5. Plaintiff Renewable Fuels Association ("RFA") is a non-profit trade association representing ethanol producers and supporters of the ethanol industry.  It operates for the purpose of promoting the general commercial, legislative, and other common interests of its members.

6. Plaintiff Growth Energy is a non-profit trade association also representing ethanol producers and supporters of the ethanol industry, and operating for the purpose of promoting the general commercial, legislative, and other common interests of its members.  Growth Energy's members include POET LLC ("POET"), the nation's largest producer of biofuels and other biorefined products.

7. Plaintiffs' membership includes numerous producers of renewable fuel that refineries are required under the Renewable Fuel Standard ("RFS") to blend into transportation

fuel (or to buy Renewable Identification Numbers ("RINs") representing those obligated volumes) unless otherwise exempted.  Plaintiffs have a significant interest in the transparency and accountability of EPA communications and decision-making regarding the RFS program, including any exemption extensions the Agency might grant that would impact the economics of Plaintiffs' member organizations.

8.  Defendant EPA is a government agency responsible for protecting human health and the environment.  As part of its responsibilities, it regulates transportation fuels sold within the United States.  Defendant has possession, custody, and control of records to which Plaintiffs seek access.  It also has a statutory duty to respond to Plaintiffs' FOIA requests in a timely manner and to not withhold the records improperly.  Defendant EPA is headquartered at 1200 Pennsylvania Avenue NW, Washington, DC 20460.

9.  Defendant DOE is a government agency concerned with the United States' policies regarding energy and nuclear safety.  Pursuant to 42 U.S.C. § 7545(o)(9), EPA must consult with DOE in determining whether to grant small refinery exemptions.  Defendant has possession, custody, and control of records to which Plaintiffs seek access.  It also has a statutory duty to respond to Plaintiffs' FOIA requests in a timely manner and to not withhold the records improperly.  Defendant DOE is headquartered at 1000 Independence Avenue SW, Washington, DC 20585.

## LEGAL BACKGROUND

10. Under the RFS program, codified at 42 U.S.C. § 7545(o), refineries producing transportation fuel must demonstrate each year that they have blended certain volumes of renewable fuel, represented by credits called RINs, into gasoline or diesel

fuel. Alternatively, refineries may acquire RINs representing all or part of those volume obligations from other parties.

11. Congress exempted certain small refineries with crude oil throughput below 75,000 barrels per day from this requirement until 2011. 42 U.S.C. § 7545(o)(9)(A)(i). After that time, the initial blanket exemption expired and Congress expected these small refineries to comply with the RFS, unless EPA extended the exemption based on a finding that compliance with the RFS would cause disproportionate economic hardship to the refinery. 42 U.S.C. § 7545(o)(9)(A)(ii), (B)(i)

12. The petition process allows EPA, after consultation with DOE, to relieve a qualifying small refinery from its obligation to demonstrate compliance with the RFS and to extend the exemption upon the refinery's showing that compliance would impose a "disproportionate economic hardship." 42 U.S.C. § 7545(o)(9)(B)(i); 40 C.F.R. § 80.1441.

13. Prior to last year, EPA had granted only a few small refinery exemption extensions in any given year. Now, according to EPA, 19 small refinery exemptions for the 2016 compliance year exempted 790 million RINs, and at least 29 exemptions for 2017 exempted 1.46 billion RINs. *See* Letter from William L. Wehrum to Sen. Grassley (July 12, 2018), attached hereto as Ex. A.

14. EPA conducts the process of evaluating and granting these exemption extensions entirely in secret. It has even refused to release the documents that reflect its final determinations on whether to extend an exemption for a refinery on the grounds that such information has been claimed as confidential business information ("CBI"). *See*

*id*.  EPA refuses to disclose promptly or at all the basic information regarding

exemption extensions, including:

- The fact that EPA has granted an exemption extension;

- The name and ownership of the exempted refinery;

- The volume exempted;

- The compliance year covered by the exemption extension;

- The standards EPA applied to decide whether to grant or deny the
  exemption extension petitions;

- EPA's confirmation that the refinery meets the statutory volume threshold of
  a "small refinery"; and

- The Agencies' analysis relating to whether *compliance with the RFS* would
  subject the refinery to a "disproportionate economic hardship."

15. FOIA requires that an agency "shall determine within 20 [working] days . . . after the

receipt of any [FOIA] request whether to comply with such request and shall

immediately notify the person making such request of such determination and the

reasons therefor . . . ."  5 U.S.C. § 552(a)(6)(A)(i).

16. In "unusual circumstances" the agency may extend the 20-working-day time limit by

written notice, which must include "the date on which a determination is expected to

be dispatched."  Except as provided under 5 U.S.C. § 552(a)(6)(B)(ii), this extension

notice may not "specify a date that would result in an extension for more than ten

working days."  5 U.S.C. § 552(a)(6)(B)(i).

17. FOIA provides that "[a]ny person making a request to any agency for records under

paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his

administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions . . . ."  5 U.S.C. § 552(a)(6)(C)(i); *see Oglesby v. U.S. Dept. of Army*, 920 F.2d 57, 64 (D.C. Cir. 1990).

18. FOIA requires that an agency shall "withhold information under this section only if the agency reasonably foresees that disclosure would harm an interest protected by an exemption" set out under 5 U.S.C. § 552(b) or if "disclosure is prohibited by law."  5 U.S.C. § 552(a)(8)(A).

19. FOIA places the burden on the agency to prove that it may withhold responsive records from a requester.  5 U.S.C. § 552(a)(4)(B).

20. EPA and DOE are each an "agency" under FOIA.  5 U.S.C. § 552(f)(1).

## FACTUAL BACKGROUND

21. On April 4, 2018, RFA submitted a FOIA request to EPA via letter.

   a. RFA's April 4, 2018 request sought, *inter alia,* information pertaining to refineries that sought and were granted small refinery exemption extensions, including the criteria used by EPA to determine eligibility for such exemption extensions and the factual basis for EPA's determinations.  *See* Ex. B.

   b. According to the federal government's consolidated web-based FOIA portal, FOIAonline, RFA's April 4, 2018 request was received by EPA on April 5, 2018, and was assigned a Tracking Number of 2018-006291.  *See* Ex. C.

   c. On May 4, 2018, Sabrina Hamilton of EPA's Office of Air and Radiation responded to RFA in writing, indicating the Agency would need an extension of time to respond to the request.  In her response, Ms. Hamilton stated that, "Given the scope of the request, EPA anticipates the need to search and

collect the requested records from multiple EPA offices that are separate from the office processing the request." EPA set a new response date of May 18, 2018. *See* Ex. D.

22. On April 5, 2018, RFA submitted a FOIA request to DOE via letter seeking, *inter alia,* information pertaining to DOE's recommendations to EPA on whether to grant small refinery exemption extension requests. *See* Ex. E.

    a. In an email dated April 9, 2018, DOE acknowledged receipt of the request and issued tracking number HQ-2018-00907-F. *See* Ex. F.

    b. On May 17, 2018, Plaintiffs' attorney Bryan Stockton spoke to DOE FOIA Analyst Melissa Darr by telephone to inquire whether and when DOE will respond to FOIA request HQ-2018-00907-F. Mr. Stockton invited DOE to contact Plaintiffs if it needed clarification regarding the scope of the FOIA request. On August 27, 2018, Ms. Darr contacted Plaintiffs' attorney Matthew Morrison and recommended that Plaintiffs check with the EPA for the information requested in the FOIA request. *See* Ex. G.

23. On July 26, 2018, RFA sent a supplemental FOIA request to EPA through the FOIAonline portal.

    a. In this supplemental request, RFA sought, *inter alia,* additional information regarding the small refinery exemption extensions, including the recommendations received by EPA from DOE on whether applicant refineries were eligible for small refinery exemption extensions. *See* Ex. H.

    b.   According to FOIAonline, RFA's July 26, 2018 request was received by EPA on July 26, 2018, assigned a Tracking Number of 2018-010014, and given a response due date of August 23, 2018.  *See* Ex. I.

24. On April 9, 2018, Growth Energy submitted a FOIA request to EPA by letter through the FOIAonline portal.

    a.   Growth Energy's April 9, 2018 request sought "all records expressing or embodying any final decision made on or after January 1, 2017, to grant or deny any petition by Andeavor for a 'small refinery' exemption under 42 U.S.C. § 7545(o)(9)."  *See* Ex. J.

    b.   According to FOIAonline, Growth Energy's April 9, 2018 request was received by EPA on April 9, 2018, and assigned a Tracking Number of 2018-006398.  *See* Ex. K.

    c.   On May 4, 2018, Sabrina Hamilton of EPA's Office of Air and Radiation responded to Growth Energy in writing, indicating the Agency would need an extension of time to respond to Growth Energy's April 9, 2018, request.  In her response, Ms. Hamilton stated that, "Given the scope of the request, EPA anticipates the need to search and collect the requested records from multiple EPA offices that are separate from the office processing the request."  EPA set a new response date of May 22, 2018.  *See* Ex. L.

25. On April 12, 2018, Growth Energy submitted a FOIA request to EPA by letter through the FOIAonline portal.

    a.   Growth Energy's April 12, 2018 request sought "all records received, reviewed, considered, used, or created in connection with any final decision

made on or after January 1, 2017, to grant or deny any petition by Andeavor

for a 'small refinery' exemption under 42 U.S.C. § 7545(o)(9)." *See* Ex. M.

b.  According to FOIAonline, Growth Energy's April 12, 2018 request was

received by EPA on April 12, 2018, and assigned a Tracking Number of

2018-006524. *See* Ex. N.

c.  On May 4, 2018, Sabrina Hamilton of EPA's Office of Air and Radiation

responded to Growth Energy in writing, indicating the Agency would need an

extension of time to respond to Growth Energy's April 12, 2018, request.  In

her response, Ms. Hamilton stated that, "Given the scope of the request, EPA

anticipates the need to search and collect the requested records from multiple

EPA offices that are separate from the office processing the request."  EPA set

a new response date of May 30, 2018. *See* Ex. O.

26. On July 23, 2018 Growth Energy submitted a FOIA request to EPA by letter through

the FOIAonline portal.

a.  Growth Energy's July 23, 2018 request sought, *inter alia,* "every record

embodying a determination by EPA that a refiner or refinery is exempt" from

compliance with the annual renewable volumetric obligations in Section

211(o)(9) of the Act, as well as all records provided by EPA to DOE or

Congress regarding the small refinery exemptions under Section 211(o)(9).

*See* Ex. P.

b.  According to FOIAonline, Growth Energy's July 23, 2018 request was

received by EPA on July 23, 2018, assigned a Tracking Number of 2018-

009898, and given a response due date of August 23, 2018. *See* Ex. Q.

27. On April 10, 2018, Growth Energy member company POET submitted a FOIA request to EPA by letter through the FOIAonline portal.

   a. POET's April 10, 2018 request sought "all records expressing or embodying any final decision to grant or deny any petition for a 'small refinery' exemption under 42 U.S.C. § 7545(o)(9)." *See* Ex. R.

   b. According to FOIAonline, POET's April 10, 2018 request was received by EPA on April 10, 2018, and assigned a Tracking Number of 2018-006463. *See* Ex. S.

   c. On May 4, 2018, Sabrina Hamilton of EPA's Office of Air and Radiation responded to POET in writing, indicating the Agency would need an extension of time to respond to POET's April 10, 2018, request. In her response, Ms. Hamilton stated that, "Given the scope of the request, EPA anticipates the need to search and collect the requested records from multiple EPA offices that are separate from the office processing the request." EPA set a new response date of May 23, 2018. *See* Ex. T.

28. On May 4, 2018, POET submitted another FOIA request to EPA by letter through the FOIAonline portal.

   a. POET's May 4, 2018 request sought "all records received, reviewed, considered, used, or created in connection with any final decision to grant or deny any petition for a 'small refinery' exemption under 42 U.S.C. § 7545(o)(9)." *See* Ex. U.

    b.   According to FOIAonline, POET's May 4, 2018 request was received by EPA on May 4, 2018, assigned a Tracking Number of 2018-007374, and given a response due date of June 4, 2018.  *See* Ex. V.

29. Other than the communications noted above, EPA has not responded to Plaintiffs' FOIA requests, as of the filing of this Complaint.

30. Other than the communications noted above, DOE has not responded to the April 5, 2018 FOIA request submitted by RFA, as of the filing of this Complaint.

31. By not meeting any of the due dates for responding to Plaintiffs' FOIA requests, whether it is the date as initially required under the statute (for POET's May 4, 2018 request, Growth Energy' July 23, 2018 request, and RFA's July 26, 2018 request) or as extended pursuant to EPA's letters (Plaintiffs' remaining FOIA requests), EPA has constructively denied Plaintiffs' requests.

32. Under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), Plaintiffs have therefore exhausted the applicable administrative remedies with respect to their FOIA requests.

33. The constructive denial by EPA to Plaintiffs' requests comes despite the fact that, in November of 2016, EPA issued a proposed rule "to codify a determination that basic information related to EPA actions on petitions for RFS small refinery and small refiner exemptions may not be claimed as confidential business information." 81 Fed. Reg. 80,828, 80,909 (Nov. 16, 2016).

    a.   EPA reasoned that "data generated within the government are not 'obtained from a person' within the meaning of FOIA Exemption 4, and therefore cannot be claimed as CBI.  In addition, it recognized that basic facts related to

government decisions are also not entitled to CBI treatment under FOIA Exemption 4." *Id*.

    b.  EPA proposed to release to the public, at the very least, "the petitioner's name, the name and location of the facility for which relief was requested, the general nature of the relief requested, the time period for which relief was requested, and the extent to which the EPA granted or denied the requested relief." *Id*.

34. Without any information from EPA and DOE, Plaintiffs have struggled to understand the basis for the sudden increase in the number of such small refinery extensions granted by the Agency.  This issue is critical to Plaintiffs because, by reducing the amount of renewable fuel that the exempt refineries have to blend into gasoline and diesel fuel, EPA's small refinery extensions have slashed the demand for the renewable fuel that Plaintiffs' member companies produce.

35. Moreover, the absence of basic information pertaining to small refinery exemptions makes it difficult for Plaintiffs and other interested parties to evaluate whether EPA's actions regarding such exemptions are arbitrary and capricious, or otherwise inconsistent with the requirements of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*

## FIRST CLAIM FOR RELIEF

## VIOLATION OF 5 U.S.C. § 552(a)(6)(A)-(B)

## (EPA's Failure to Respond to Plaintiffs' FOIA Requests within the Required Time)

36. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

37. Upon receiving a FOIA request, EPA has a nondiscretionary duty to "determine within 20 [working] days . . . whether to comply with such request and shall immediately notify the person making such request" of its "determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i).

38. FOIA provides that, in "unusual circumstances," an agency may obtain an extension of ten additional working days by providing written notice to the requester setting forth the unusual circumstances for the extension.  5 U.S.C. § 552(a)(6)(B)(i), (iii).

39. EPA has failed to provide a response to Plaintiffs' FOIA requests by the statutory deadline of 20 working days.

40. To the extent EPA has extended the response date for some of Plaintiffs' requests by ten working days, *see* 5 U.S.C. § 552(a)(6)(B)(i), EPA has also failed to provide a response by any of those extended dates.

41. EPA's failure to timely respond to Plaintiffs' FOIA request is a violation of the FOIA requirements explained above.  *See* 5 U.S.C. § 552(a)(6)(A)(i), (B)(i)-(ii).

42. EPA's disregard of its duty to respond to Plaintiffs' request and release the records requested has harmed and will continue to harm Plaintiffs until EPA complies with FOIA.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF 5 U.S.C. § 552(a)(8), (a)(4)(B)

### (Records Improperly Withheld by EPA)

43. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

44. An agency shall withhold information only if it falls within one of the FOIA

    exemptions under 5 U.S.C. § 552(b) or if disclosure is otherwise prohibited by law.

    5 U.S.C. § 552(a)(8)(A).

45. EPA's failure to timely respond to Plaintiffs' FOIA request and promptly produce

    non-exempt responsive records constitutes "agency records improperly withheld from

    the complainant."  5 U.S.C. § 552(a)(4)(B).

46. This Court "has jurisdiction to enjoin the agency from withholding agency records

    and to order the production of any agency records improperly withheld from the

    complainant."  5 U.S.C. § 552(a)(4)(B).

47. EPA's improper withholding of the records requested by Plaintiffs has harmed and

    will continue to harm Plaintiffs until EPA complies with FOIA.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF 5 U.S.C. § 552(a)(6)(A)-(B)

### (DOE's Failure to Respond to Plaintiff RFA's FOIA Request within the Required Time)

48. RFA realleges and incorporates by reference all preceding paragraphs.

49. Upon receiving a FOIA request, DOE has a nondiscretionary duty to "determine

    within 20 [working] days . . . whether to comply with such request and shall

    immediately notify the person making such request" of its "determination and the

    reasons therefor."  5 U.S.C. § 552(a)(6)(A)(i).

50. FOIA provides that, in "unusual circumstances," an agency may obtain an extension of ten additional working days by providing written notice to the requester setting forth the unusual circumstances for the extension.  5 U.S.C. § 552(a)(6)(B)(i), (iii).

51. DOE has failed to provide a response to RFA's April 5, 2018 FOIA request by the statutory deadline of 20 working days.

52. DOE has not invoked—by written notice or through any other form of communication—the ten-working-day extension prior to the expiration of the 20 working day FOIA response period.

53. DOE's failure to timely respond to RFA's FOIA request is a violation of the FOIA requirement that an agency "shall determine within 20 [working] days after the receipt of any such request whether to comply with such request" and "shall immediately notify the person making such request of such determination and the reasons therefor . . . ."  5 U.S.C. § 552(a)(6)(A)(i), (B)(i)-(ii).

54. DOE's disregard of its duty to respond to RFA's request and release the records requested has harmed and will continue to harm RFA until DOE complies with FOIA.

## FOURTH CLAIM FOR RELIEF

## VIOLATION OF 5 U.S.C. § 552(a)(8), (a)(4)(B)

### (Records Improperly Withheld by DOE)

55. RFA realleges and incorporates by reference all preceding paragraphs.

56. An agency shall withhold information only if it falls within one of the FOIA exemptions under 5 U.S.C. § 552(b) or if disclosure is otherwise prohibited by law. 5 U.S.C. § 552(a)(8)(A).

57. DOE's failure to timely respond to RFA's April 5, 2018 FOIA request and promptly produce non-exempt responsive records constitutes "agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

58. This Court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

59. DOE's improper withholding of the records requested by RFA has harmed and will continue to harm RFA until DOE complies with FOIA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Declare Defendants' constructive denial and improper withholding of agency records responsive to Plaintiffs' FOIA requests to be unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)-(B), (a)(4)(B), (a)(8);

B.     Order EPA to respond to Plaintiffs' and POET's FOIA requests dated April 4, 2018, April 9, 2018, April 10, 2018, April 12, 2018, May 4, 2018, July 23, 2018, and July 26, 2018;

C.     Order DOE to respond to RFA's FOIA request dated April 5, 2018;

D.     Order Defendants to immediately release to Plaintiffs all agency records responsive to Plaintiffs' FOIA requests;

E.     If EPA or DOE claims that such responsive records or portions thereof are exempt from disclosure, order such Defendant to provide a reasonable basis for its claimed exemptions to be evaluated;

F.  Award Plaintiffs their costs of this action, including reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E);

G.  Retain jurisdiction to ensure compliance with the Court's order; and

H.  Grant such other relief as the Court deems just and proper.

Respectfully submitted this 30th day of August, 2018.

/s/ Matthew W. Morrison
MATTHEW W. MORRISON (D.C. Bar No. 436125)
BRYAN M. STOCKTON (D.C. Bar No. 995741)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC 20036
(202) 663-8036
matthew.morrison@pillsburylaw.com
bryan.stockton@pillsburylaw.com

*Counsel for Plaintiffs*

SETH P. WAXMAN (D.C. Bar No. 257337)
DAVID M. LEHN (D.C. Bar No. 496847) (*pro hac vice forthcoming*)
CLAIRE H. CHUNG (D.C. Bar No. 1048003) (*pro hac vice forthcoming*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
seth.waxman@wilmerhale.com
david.lehn@wilmerhale.com
claire.chung@wilmerhale.com

*Counsel for Plaintiff Growth Energy*