UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
RENEWABLE FUELS ASSOCIATION and     )
GROWTH ENERGY,                      )
                                    )
     Plaintiffs,                    )
                                    )
v.                                  )   Civil Action No. 18-2031 (JEB)
                                    )
UNITED STATES ENVIRONMENTAL         )
PROTECTION AGENCY and UNITED STATES )
DEPARTMENT OF ENERGY,               )
                                    )
     Defendants.                    )
_____)

**DEFENDANT ENVIRONMENTAL PROTECTION AGENCY'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendant Environmental Protection Agency ("EPA") hereby replies to Plaintiffs' opposition to its motion for a protective order. As to the inadvertently disclosed subject record, Plaintiffs' opposition fails to establish why the issue of waiver must be resolved before EPA's final production. This issue is legally intertwined with the question of whether a Freedom of Information Act ("FOIA") exemption applies. Plaintiffs' position that the parties brief the issue of waiver now would require the Court to prematurely address whether such an exemption applies. Rather than litigate the withholding of one document in a piece-meal fashion, which will divert resources from the productions taking place, EPA respectfully requests that the Court grant EPA's motion and prohibit Plaintiffs from using or disseminating the subject document until further order from the Court.[1]

---

[1] In support of their opposition, Plaintiffs assert they "agreed to refrain from disseminating the document for a short period to allow the parties to litigate the merits of the clawback demand" and that "EPA turned that agreement into a dispute over whether the issue should be decided now at

Notably, the parties have cooperated for months (and still do so) as productions take place. *See* ECF No. 19 (joint status report); ECF No. 20 (same); ECF No. 21 (same); ECF No. 22 (same). Although this cooperation has obviated the need for judicial review (other than status reports), Plaintiffs would have this Court prematurely intervene to resolve whether an exemption applies when the Court will have to make the same legal determination for other documents when productions are complete. Not only is this an inefficient and disruptive use of the Court's (as well as EPA's) limited resources, Plaintiffs cite no authority indicating they can compel the Court to immediately intervene, particularly where they do not assert prejudice other than claiming a delayed resolution is unfair.

As support for their opposition, Plaintiffs assert that "[d]elaying review of EPA's clawback demand would not promote judicial efficiency because the issues the demand raises *are unrelated to any of the issues that will need to be addressed later* with respect to the documents EPA withholds after completing its FOIA response." Pls' Opp. at 2 (emphasis added). However, it is well-established that "the extent to which prior agency disclosure may constitute a waiver of the FOIA exemptions must depend both on the circumstances of prior disclosure *and on the particular exemptions claimed*." *Carson v. DOJ*, 631 F.2d 1008, 1016 n.30 (D.C. Cir. 1980) (emphasis

---

all or postponed for an indefinite period during which Plaintiffs may not use the document." Pls' Opp. at 1. EPA never represented that it would brief the merits of withholding the record. As the parties explained in the last joint status report, "EPA has indicated that it intends to file a motion for a Protective Order by July 12, 2019, to prevent further dissemination of this document." Consistent with such representation, on July 12, 2019, EPA filed its protective order to prevent further dissemination until the Court issues a decision as is done after the normal course of briefing in a FOIA case challenging an agency's withholding of records. Plaintiffs cite no case holding a party who receives an inadvertently disclosed record may exploit such accident by dictating the schedule under which the issue of waiver is litigated. To the contrary, Plaintiffs' approach is inconsistent with that which this Court has employed. *See, e.g., Pub. Citizen Health Research Grp. v. Food & Drug Admin.*, 953 F. Supp. 400, 402-403 (D.D.C. 1996) (granting protective order sought three months after an inadvertent disclosure).

2

added). Thus, because the "particular exemption claimed" is both an issue related to whether waiver occurred, *id.*, as well as an issue the Court will address later as to the documents EPA withholds after completing its FOIA response, it would be inefficient to address such issue now. Indeed, Plaintiffs ignore that under their approach the Court will need to issue multiple decisions on the merits of EPA's withholdings.

Nevertheless, Plaintiffs claim "none of the reasons why EPA's clawback demand should be denied bear on whether the White House memorandum was *originally* exempt from mandatory disclosure" or "on whether *any other* document is exempt." Pls' Opp. at 6 (emphasis in original). They add that their arguments "are based entirely on the unique circumstances relating to EPA's release" and "[t]here is no efficiency to be gained by delaying consideration of these issues." *Id.* But of course, EPA's clawback demand is intertwined with whether a FOIA exemption applies, *Carson*, 631 F.2d at 1016 n.30, which is an issue that will be litigated after EPA's final production. *See Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009) ("FOIA cases are typically and appropriately decided on motions for summary judgment"); *Harrison v. EOUSA*, 377 F. Supp. 2d 141, 145 (D.D.C. 2005) (same). And while Plaintiffs concede their claim is "entirely" based upon the circumstances of the disclosure (rather than the applicability of an exemption), Pls' Opp. at 6, the fact remains that the applicability of an exemption is an issue that EPA will have to address, and the Court will have to resolve, as part of the clawback request. *Carson*, 631 F.2d at 1016 n.30.

Despite the fact that Plaintiffs ignore that a waiver claim is intertwined with whether a FOIA exemption applies, they maintain that "EPA's likelihood of success on clawing back the document or otherwise permanently restricting Plaintiffs' use of the document is exceedingly low." Pls' Opp. at 6. However, putting aside the extent to which the parties are likely to succeed, Plaintiffs have failed to cite to any authority holding that the Court should prematurely intervene

in a FOIA suit where a party predicts they are likely to succeed on the merits of a waiver claim. Indeed, Plaintiffs are inappropriately conflating the standard for granting preliminary injunctions, *see id.* (citing cases), with the Court's inherent authority to control the integrity of its proceedings. *See In re for Wilson*, Civ. A. No. 8:12-2078, 2017 WL 2536913, at *3 (D.S.C. June 12, 2017) ("For documents obtained outside the discovery process, courts retain the inherent authority to enter protective orders in order to control and preserve the integrity of their judicial proceedings") (relying on *Pub. Citizen Health Research Grp.*); *United States ex rel. Rector v. Bon Secours Richmond Health Corp.*, Civ. A. No. 3:11-38, 2014 WL 66714, at *4 (E.D. Va. Jan. 6, 2014).

Finally, the notion that the waiver issue is as clear-cut as Plaintiffs would lead this Court to believe is belied by the fact that "[t]his Circuit has not directly addressed the effect of an inadvertent disclosure on a party's ability to assert the deliberative process privilege, as precedent regarding the waiver of the deliberative process privilege concerns 'voluntary' disclosures" and "[i]n other jurisdictions, the effect of inadvertent disclosures of deliberative material remains an 'unsettled' area of law." *Mannina v. D.C.*, Civ. A. No. 15-931 (KBJ/RMM), 2019 WL 1993780, at *8 (D.D.C. May 6, 2019) (citations omitted). Accordingly, rather than derailing EPA's rolling productions to take a detour into the issue of waiver, *see* Pls' Opp. at 11 (recognizing EPA's productions involve a "lengthy search and review process"), judicial economy counsels that EPA continue its productions. Upon completion of document production, the parties would then proceed through the orderly merits briefing on any remaining issues. At that time, the Court can wade through the thicket of Plaintiffs' waiver arguments which, among other things, raise complex constitutional questions in addition to novel arguments under FOIA. *Id.* at 15.[2]

---

[2] Should the Court decide to decline EPA's motion for a protective order, EPA respectfully reserves its right to brief the issue of waiver on the merits and the undersigned respectfully requests

4

Dated: August 16, 2019                    Respectfully submitted,

                                                              JESSIE K. LIU
                                                                United States Attorney
                                                                D.C. Bar #472845

                                                               DANIEL F. VAN HORN
                                                               Chief, Civil Division
                                                               D.C. Bar #924092


                                                               By: */s/ Matthew Kahn*
                                                               MATTHEW KAHN
                                                               Assistant United States Attorney
                                                               555 Fourth St., N.W. - Civil Division
                                                               Washington, D.C. 20530
                                                               Phone: (202) 252-6718
                                                               Email: Matthew.Kahn@usdoj.gov

---

that such opposition be due no earlier than mid-September after he has finished a Title VII trial, which is scheduled to begin the first week of September.