UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____  )
RENEWABLE FUELS ASSOCIATION          )
AND GROWTH ENERGY,                   )
                                     )
    *Plaintiffs,*                   )
                                     )
  v.                                 )  Civil Action No. 18-2031
                                     )
UNITED STATES ENVIRONMENTAL          )
PROTECTION AGENCY, AND               )
UNITED STATES DEPARTMENT OF ENERGY,  )
                                     )
    *Defendants.*                  )
_____  )

## PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7(h), Plaintiffs Renewable Fuels Association ("RFA") and Growth Energy hereby submit this statement of material facts as to which there is no genuine dispute.

1. In 2016, EPA proposed the Renewables Enhancement and Growth Support ("REGS") Rule, 81 Fed. Reg. 80,828 (Nov. 16, 2016).  Under the REGS Rule, EPA would not withhold five basic data elements relating to petitions for small-refinery exemptions: [1] "the petitioner's name, [2] the name and location of the facility for which [the exemption] was requested, [3] the general nature of the relief requested, [4] the time period for which [the exemption] was requested, and [5] the extent to which EPA granted or denied the requested" exemption. *Id.* at 80,909.

2. On April 4, 2018, RFA submitted a Freedom of Information Act ("FOIA") request to EPA.  Compl., ECF No. 1, Ex. B.  This request sought agency records relating to petitions for extensions of small refinery exemptions under the Renewable Fuel Standard ("RFS") program,

including "[a]ny and all documents granting or denying a small refinery or small refiner extension request considered in 2016, 2017, and 2018." *Id.*

3. On July 26, 2018, RFA submitted a FOIA request to EPA. *Id.*, Ex. H. This request sought "[e]very record that contains basic facts concerning small refinery exemptions that were granted by EPA for compliance years 2016 and after," "includ[ing] the small refiner or small refinery petitioner's name[ and] the name and location of the facility for which relief was requested." *Id.*, Ex. H.

4. On April 9, 2018, Growth Energy submitted a FOIA request to EPA. *Id.*, Ex. J. This request sought "all records expressing or embodying any final decision made on or after January 1, 2017, to grant or deny any petition by Andeavor for a 'small refinery' exemption under 42 U.S.C. § 7545(o)(9)." *Id.*, Ex. J.

5. On April 12, 2018, Growth Energy submitted a FOIA request to EPA. *Id.*, Ex. M. This request sought "all records received, reviewed, considered, used, or created in connection with any final decision made on or after January 1, 2017, to grant or deny any petition by Andeavor for a 'small refinery' exemption under 42 U.S.C. § 7545(o)(9)." *Id.*, Ex. M.

6. On July 23, 2018, Growth Energy submitted a FOIA request to EPA. *Id.*, Ex. P. This request sought, *inter alia,* "every record embodying a determination by EPA that a refiner or refinery is exempt … from compliance with the requirements under" the RFS program. *Id.*, Ex. P.

7. On April 10, 2018, Growth Energy member company POET submitted a FOIA request to EPA. *Id.*, Ex. R. This request sought "all records expressing or embodying any final decision to grant or deny any petition for a 'small refinery' exemption under 42 U.S.C. § 7545(o)(9)." *Id.*, Ex. R.

8. On May 4, 2018, POET submitted a FOIA request to EPA. *Id.*, Ex. U. This request sought "all records received, reviewed, considered, used, or created in connection with any final decision to grant or deny any petition for a 'small refinery' exemption under 42 U.S.C. § 7545(o)(9)." *Id.*, Ex. U.

9. On August 30, 2018, Plaintiffs filed this suit alleging that EPA had denied Plaintiffs' FOIA requests based on its failure to meet the due dates for responding to Plaintiffs' requests. *Id.*

10. EPA subsequently agreed to respond to Plaintiffs' FOIA requests according to a three-phase production schedule. *See* ECF No. 19. Phase I would include EPA's final decision documents granting or denying small refinery exemptions ("Decision Documents") for RFS compliance years 2016 and 2017. *Id.*

11. Under Phase I, on July 31, 2019, EPA produced three 2016 and 2017 Decision Documents for two refineries that waived their right to claim the records or parts thereof as confidential business information ("CBI"). *See* Joint Status Report, ECF No. 26, Aug. 9, 2019.

12. On October 28, 2019, this Court held a status hearing, after which this Court ordered: "By January 31, 2020, [EPA] shall release Phase I records where the CBI is not challenged by the submitter." Minute Order, Oct. 28, 2019.

13. On January 31, 2020, EPA produced twenty-three more 2016 and 2017 Decision Documents. *See* Joint Status Report, ECF No. 39, Feb. 6, 2020. For eight of those Decision Documents, the name and location of the refinery for which relief was requested were withheld, but the other REGS Rule data elements were produced. For nine of those Decision Documents, both the company's name and the name and location of the refinery for which relief was requested were withheld, but the other REGS Rule data elements were produced. For the remaining six Decision Documents, all of the REGS Rule data elements were produced. EPA

3

claimed that the withheld company names and refinery names and locations were exempt from FOIA under 5 U.S.C. § 552(b)(4).  *See id.*

14. On February 18, 2020, EPA produced twenty-nine more 2016 and 2017 Decision Documents.  *See* Joint Status Report, ECF No. 40, Mar. 17, 2020.  For ten of those Decision Documents, both the company's name and the name and location of the refinery for which relief was requested were withheld, but the other REGS Rule data elements were produced.  For the remaining nineteen Decision Documents, all of the REGS Rule data elements were produced.  EPA claimed that the withheld company names and refinery names and locations were exempt from FOIA under 5 U.S.C. § 552(b)(4).  *Id.*

15. On March 11, 2020, Plaintiffs requested that EPA prioritize production of the Decision Documents for RFS compliance year 2015.  *See id.*  Plaintiffs reiterated this request in the Joint Status Reports of April 30, 2020, and May 29, 2020.  *See* ECF No. 42; ECF No. 46.

16. On July 23, 2020, this Court held a status hearing, after which this Court ordered that, by September 10, 2020, "Defendant shall produce to Plaintiffs the five [REGS Rule] data elements" in the 2015 Decision Documents "unless claimed as CBI."  Minute Order, July 23, 2020; ECF No. 48 at 3.  At the same time, "Plaintiffs agree[d] to a stay in the processing of Phase II and III documents."  *Id.*

17. On September 10, 2020, EPA produced four 2015 Decision Documents without redacting any of the five REGS Rule data elements.  *See* Joint Status Report, ECF No. 50, Sept. 29, 2020.  Because the refineries that were the subject of the other 2015 Decision Documents claimed the five data elements were confidential business information, EPA conducted confidentiality determinations for those documents.  *Id.*

4

18. On September 24, 2020, EPA produced twelve more 2015 Decision Documents. *See id.* Five of those Decision Documents were produced without redacting any of the five data elements. For the remaining seven Decision Documents, the company's name and the name and location of the refinery for which relief was requested were withheld, but the other REGS Rule data elements were produced. *Id.* EPA claimed that the withheld company names and refinery names and locations were exempt from FOIA under 5 U.S.C. § 552(b)(4). *Id.*

Respectfully submitted this 27th day of October, 2020.

/s/ Matthew W. Morrison
Matthew W. Morrison (D.C. Bar No. 436125)
Shelby L. Dyl (D.C. Bar No. 1644996)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC 20036
(202) 663-8036
matthew.morrison@pillsburylaw.com
shelby.dyl@pillsburylaw.com

*Counsel for Plaintiffs*

Seth P. Waxman (D.C. Bar No. 257337)
David M. Lehn (D.C. Bar No. 496847)
Claire H. Chung (D.C. Bar No. 1048003)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006 (202) 663-6000
seth.waxman@wilmerhale.com
david.lehn@wilmerhale.com
claire.chung@wilmerhale.com

*Counsel for Plaintiff Growth Energy*